WASHINGTON HASLAM *vs.* W. B. JORDAN, Administrator.

SAME *vs.* CLARINDA M. JORDAN et als.

Hancock.     Opinion March 2, 1908.

*Deeds.   Consideration.   Seizin.   Evidence.   Reference.*

As between the parties to a deed no consideration is necessary, and the only effect of the consideration clause in a deed is to estop the grantor from alleging that the deed was executed without consideration. For every other purpose the consideration may be varied or explained by parol proof.

While parol evidence is not admissible to alter, control or contradict a deed. yet for the purpose of showing the character of the grantee's seizin such evidence is admissible to show the external circumstances and the relation of the parties to each other and to the transaction, from which may be inferred the effect of the deed. Such evidence does not in any way tend to control or alter the deed.

When a grantor conveys land to a grantee, without consideration, and the grantee at the same time, without consideration, and as a part of the same transaction whereby the grantor conveyed the land to him, reconveys the land to the grantor, a momentary seizin only vests in the first grantee and he does not become invested with any title which enures to the benefit of one to whom he has made a prior conveyance of the same land by mortgage deed of warranty.

VOL. CIV 4

Although a referee in his report has expressly stated that in awarding judgment he exercised the powers of an equity court, yet the Law Court cannot be bound to adopt and enforce the statement that he exercised equity powers in arriving at a result, when it appears from the evidence and rescript filed by him that his powers as referee authorized him to declare precisely the same result, and therefore the assertion that he acted in equity must be treated as surplusage.

On exceptions by defendants.    Overruled.

Two real actions, one against the administrator of the estate of Gilman Jordan and the other against the heirs of the said Gilman Jordan, brought for the recovery of certain land.    Both actions were referred with the right to except regarding matters of law.

The referee found for the plaintiff in each action and with his report filed a rescript presenting the questions of law reserved by the defendants.    The material parts of the rescript appear in the opinion.

When the report of the referee was offered, the same against the objections of the defendants was accepted.    The defendants then took exceptions to the order accepting the report.

So much of the rescript filed by the referee as does not appear in the opinion is as follows:

"Both parties derive title from Albion S. Jellison.    The record title of plaintiffs is as follows:—

"1.    Albion S. Jellison to A. F. Burnham by deed of mortgage dated Oct. 21, 1876, recorded Oct. 23, 1876.

"2.    Albion S. Jellison to A. F. Burnham by deed of quitclaim dated Dec. 20, 1876, recorded Dec. 23, 1876.

"3.    A. F. Burnham to Eliza I. Jordan by deed of quitclaim dated Aug. 9, 1879, recorded Aug. 11, 1879.

"4.    Eliza I. Jordan to Albion S. Jellison by deed of quitclaim dated Aug. 9, 1879, recorded Aug. 11, 1879.

"5.    Albion S. Jellison back to Eliza I. Jordan by deed of warranty dated Aug. 9, 1879, recorded Aug. 11, 1879.

"6.    Eliza I. Jordan to Charles E. Dunham by deed of mortgage dated Aug. 9, 1879, recorded Aug. 11, 1879.    This mortgage was later discharged,

"7.   Eliza I. Jordan to S. B. Giles by warranty deed dated June 27, 1885, recorded Aug. 7, 1885.

"8.   S. B. Giles to Wellington Haslam, plaintiff, by deed dated July 17, 1891, recorded Sept. 14, 1891.

"The defendants' record title is as follows :—

"1.   Albion S. Jellison to Gilman Jordan by mortgage deed of warranty dated Aug. 1, 1877, recorded Aug. 2, 1877.

"2.   Gilman Jordan to defendants, heirs and Admx. by descent."

*John A. Peters*, for plaintiff.

*Oscar F. Fellows*, for defendants.

Memorandum.   The Justice ruling in these cases at nisi prius, did not sit during the argument thereof at the Law Court, being disqualified under the provisions of Revised Statutes, chapter 79, section 42.

SITTING :   WHITEHOUSE, STROUT, SPEAR, CORNISH, JJ.

SPEAR, J.   These cases are both real actions which were referred "with leave to except regarding matters of law."   The report of the referee, presenting the exceptions taken at the trial, was offered against objection and ordered to be accepted.   To this order the defendant excepted.   Both actions are for the recovery of the same parcel of land, both parties deriving their title from the same grantor.   The record title of the plaintiff is in a direct line, through mesne conveyances from Albion S. Jellison.   The defendants record title is from Albion S. Jellison to Gilman Jordan by mortgage deed of warranty dated August 1st, 1877, recorded August 2, 1877 ; and from Gilman Jordan to defendants' heirs and administratrix, by descent.   It appears that Albion S. Jellison on August 1st, 1877, had no title in the premises conveyed to Gilman Jordan.   The referee rendered judgment for the plaintiff in each case, and with his report filed the following rescript presenting the questions of law reserved by the defendants :   "It is to be noted that at the date of the deed Albion S. Jellison to Gilman Jordan (the ancestor of the defendants) on August 1, 1877, the grantor, Albion S. Jellison,

had no title, he having previously conveyed the land to A. F. Burnham by deed dated December 26, 1876. It follows that at the time no title passed by this deed to the defendant's ancestor, Gilman Jordan.

"It is to be further noted, however, that subsequent to his conveyance to Gilman Jordan by warranty deed of mortgage dated August 1, 1877, Albion S. Jellison, the grantor in that deed, received from Eliza I. Jordan, the then owner, a deed of quitclaim dated August 9, 1879. No. 4 in plaintiff's chain of title.

"The defendants claim that this after acquired title in Albion S. Jellison at once passed to their ancestor, Gilman Jordan, under the familiar rule that an after acquired title by a grantor in a warranty enures to his grantee by way of estoppel, and to save circuity of action.

"The plaintiff claims that the rule does not apply under the facts of this case.

"Against the objection of the defendants, I received the oral testimony of Albion S. Jellison (under whom defendants claim) to the following effect: The deed to him from Eliza I. Jordan dated Aug. 9, 1879, was prepared and executed in the office of A. F. Burnham an attorney. At the same time, the deed back from him to Eliza I. Jordan (deed No. 5 in plaintiff's chain of title) was also prepared and executed by him. Also at the same time, the mortgage deed from Eliza I. Jordan to Chas. E. Dunham was prepared and executed. He, Albion S. Jellison, paid nothing for the conveyance to him from Eliza I. Jordan and he received nothing for his conveyance back to her.

"Apart from the testimony of Albion S. Jellison I find the three deeds bear the same date, were recorded the same day and were filed for record at the same hour and minute, viz: Aug. 11, 1879 at 5.15 P. M.

"I am satisfied that the conveyance Eliza I. Jordan to Albion S. Jellison, which the defendants claim operated to vest the title in Jellison's prior grantee Gilman Jordan, was made to him merely in trust to reconvey to Eliza I. Jordan, which trust he immediately executed. He did not take any beneficial interest under the con-

veyance to him and none passed to his prior grantee Gilman Jordan. I do not think the rule relied upon by the defendants governs this case. If any title passed to Albion S. Jellison, it was a naked legal title only, which he could have been compelled in equity to release to Eliza I. Jordan, the beneficiary, or to her grantees.

"As referee, and under R. S., Ch. 84, Sec. 21, I exercise the power of an equity court, and award judgment in both cases for the plaintiff. Since, however, in my opinion the question of title could have been fully determined in one suit I award costs in one suit only."

There is no controversy, nor could there be any, with respect to the facts found by the referee, but the defendants contend that, in the state of the pleadings governing the trial of the case before the referee, the oral testimony of Albion S. Jellison was inadmissible and that for this reason the report should not have been accepted. If admissible under the rules of law, there can be no question that the ruling accepting the report of the referee should be sustained. *Gammon* v. *Freeman*, 31 Maine, 243 ; *Kelley, Admx., in equity* v. *Jenness, et al*, 50 Maine, 455 ; *Wark* v. *Willard*, 13 N. H. 389 ; *Runlet* v. *Otis*, 2 N. H. 167 ; *Marsh* v. *Rice*, 1 N. H. 167.

We think the evidence was admissible. Nothing is better established than the defendants' contention that written contracts cannot be altered or controlled by parol evidence, but such is not the effect of the testimony admitted. It does not alter, control or contradict the deed from Eliza I. Jordan to Albion S. Jellison whose seizin the defendant claims enured to his benefit. It rather tends to show the external circumstances and the relation of the parties to each other and to the transaction, from which may be inferred the effect of the deed. The evidence that the three deeds spoken of in the referee's report were prepared and executed at the same time in the office of a certain attorney, does not in any way tend to control or alter the deeds, nor does the evidence that no consideration was paid. As between the parties to a deed no consideration is necessary. *Laberee* v. *Carleton*, 53 Maine, 211. The only effect of the consideration clause in a deed is to estop the grantor from alleging that it was executed without consideration. For every other purpose the

consideration may be varied or explained by parol proof.  *Tolman*
v. *Ward*, 86 Maine, 303.  Under these rules of law it is apparent
that the evidence admitted does not have the effect of denying that
Jellison was seized, but was competent for the purpose of showing
the character of his seizin.

Upon this point, *Hadlock* v. *Bulfinch*, 31 Maine, 246, a case
involving an action of dower, is apposite.  The court say :  "It is
insisted that the defendant is estopped to deny the seizin of the hus-
band, as he holds the estate by a title derived from him. While he
may not be permitted to deny that the husband was seized, he may
be permitted to show the character of that seizin, and if it was not
such, that his widow would be entitled to dower."

There is a striking analogy, in all its phases, between the case at
bar and *Pomeroy* v. *Latting*, 15 Gray, 435.  This was a writ of
entry for the foreclosure of a mortgage, the same form of action
as in the cases before us, involving the question, whether two or
more deeds made simultaneously could be regarded as one transac-
tion, in order to carry out the intention and secure all the rights of
the parties concerned.  Chief Justice Shaw in the opinion said :
"In regard to the evidence offered and rejected, we are not prepared
to say that some of it might not be objectionable, and contrary to
the rule of law, as admitting parol evidence to alter or control
written agreements and contracts.  But we think that the internal
evidence from the deeds themselves, together with evidence of external
circumstances, showing the relations of the parties to each other, to
explain and give effect to their language, which is admissible, are
sufficient in the present case to establish all the facts on which our
conclusion in matters of law are placed."

If we apply this rule to the case at bar, it will then appear that
we have admitted only the internal evidence from the deeds them-
selves, all bearing the same date and being recorded at the same
instant, and the evidence of the external circumstances showing the
relation of the parties to the transaction and to each other.

From this evidence it is a legitimate inference, that the transfer
and the re-transfer between Jordan and Jellison were but a single
transaction, vesting in Jellison only a momentary seizin,—what

Chancellor Kent has termed "a transitory seizin for an instant;" that, no consideration having been paid, it was the intention to vest such seizin in Jellison for the purpose of accomplishing a re-transfer, and that he took no beneficial interest under the conveyance.

The questions which have arisen under claims for dower afford good illustration of this doctrine. In all such instances it has been held that a seizin in transitu to serve a particular purpose will not entitle the widow · to dower, in contravention of such purpose. *Gammon* v. *Freeman*, 31 Maine, 243; *Wallace* v. *Silsby, et al.* 42 N. J. L. 1.

Jellison, therefore, while seized under the deeds for the purpose of re-transfer was not beneficially seized, even for a moment, and did not as prior grantor become invested with any title that enured to the benefit of the defendant.

We are of opinion that the evidence admitted was competent under the pleadings and that it was not necessary to change the form of action from law to equity, in order to enable the referee to proceed with the determination of the case.

In his report, however, he expressly stated in awarding judgment that he exercised the powers of an equity court. But this court, in the discharge of the grave duty of determining the rights of parties, cannot be bound to adopt and enforce the statement in the report of a referee, that he exercised equity powers in arriving at a result, when it appears from the evidence and the rescript filed by him, that his powers as referee authorized him to declare precisely the same result. The assertion in the report that he acted in equity must be treated as surplusage, as it was competent for him to do all that he did, acting in his capacity as referee regardless of any proceedings in equity.

*Exceptions overruled.*